UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**RANDALL J. CONNORS,**
P.O. Box 506
Schofield, WI 54476

       Plaintiff,

                           Case No. 18-cv-1042

vs.

**WISCONSIN PUBLIC SERVICE RESOURCES CORPORATION,**
700 North Adams Street
P.O. Box 19001
Green Bay, WI 54307-9001

and

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
Registered Agent:
CT Corporation System
301 Bedford Street, Suite 1
Madison, WI 53703

       Defendants.

## COMPLAINT

The Plaintiff, Randall J. Connors, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Schofield, Wisconsin.

00590487

2. Defendant, Wisconsin Public Services Resources Corporation ("WPS"), is the Plaintiff's former employer and on information and belief is a corporation organized under the laws of the state of Wisconsin, licensed to do business in Wisconsin.

3. Defendant, The Prudential Insurance Company of America ("Prudential"), on information and belief, is a corporation organized under the laws of New Jersey, licensed to do business in Wisconsin.

4. On information and belief, Prudential administers and insures a long term disability insurance plan for WPS ("the Plan"), an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, that has been in effect since at least January 1, 2015 and continues to the present time.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former Designer 2 for WPS.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

11. Plaintiff ceased working on April 14, 2015 due to post-viral syndrome.

12. Plaintiff made a claim for LTDI benefits through Prudential.

13. Prudential was responsible for determining whether Plaintiff was eligible for LTDI benefits.

14. Prudential was responsible for paying Plaintiff's LTDI benefits.

15. Prudential approved Plaintiff's claim for LTDI benefits until October 21, 2017.

16. Plaintiff's LTDI benefit is worth approximately $3,790.80 per month.

17. While Plaintiff was approved for LTDI benefits, WPS continued to offer Plaintiff coverage under its employee medical, dental, and vision insurance plans.

18. Prudential has denied Plaintiff's claim for LTDI benefits beyond October 21, 2017.

19. As a result of the denial of his LTDI benefits claim, it is anticipated that WPS will discontinue Plaintiff's coverage under its employee medical, dental, and vision insurance plans.

20. Had Plaintiff's LTDI claim not been denied, he would have remained eligible to continued coverage under WPS's medical, dental, and vision insurance plans.

21. Plaintiff timely appealed Prudential's denial of his benefits claim.

22. Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

23. Plaintiff submitted all information requested by Prudential.

24. Prudential failed to consider the issues raised in Plaintiff's appeal.

25. Prudential ignored clear medical evidence of Plaintiff's medical conditions and disability.

26. Prudential did not perform a "full and fair review" of Plaintiff's claim.

27. Prudential failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

28. Prudential failed to adequately explain why it rejected specific evidence in Plaintiff's file.

29. Prudential failed to engage in a meaningful dialogue with Plaintiff.

30. Prudential failed to adequately explain its reasons for denying Plaintiff benefits.

31. Prudential conducted a selective review of Plaintiff's medical records.

32. Prudential failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

33. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

34. At all times material to this case, the Plan has remained in full force and effect.

35. Prudential's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

36. The preceding paragraphs are reincorporated by reference as though set forth here in full.

37. Plaintiff has been and remains disabled, as that term is defined by the Plan.

38. Although the Plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms, the proper standard of review is *de novo* due to Prudential's failure to complete its review of her appeal within 90 days. *See* 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i), and (l)(2)(i).

39. Prudential wrongfully denied LTDI benefits due to Plaintiff as of October 21, 2017.

40. Alternatively, if the arbitrary and capricious standard of review applies, then Prudential arbitrarily and capriciously denied Plaintiff benefits.

41. Prudential interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

42. Upon information and belief, Prudential inconsistently interpreted the terms and conditions of the Plan from one case to the next.

43. As both the payer of claims and the adjudicator of claim eligibility, Prudential has an inherent conflict of interest.

44. Prudential's denial of Plaintiff's LTDI benefits was "downright unreasonable."

45. For these and other reasons, Prudential acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Randall J. Connors, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;'

B. Payment of any and all retroactive value of the Plaintiff's medical, dental, and vision insurance benefits owed to the Plaintiff during the period of time when his LTDI benefits were wrongfully denied;

C. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan and continued medical, dental, and vision insurance benefits through WPS;

D. Prejudgment interest;

E. Reasonable attorney's fees and costs related to the action; and

F. Such other and further relief that the Court deems just and equitable.

Dated: this 13th day of December, 2018

                    **HAWKS QUINDEL, S.C.**

            By: /s/ William e. Parsons
                William E. Parsons, SB No. 1048594
                Email: wparsons@hq-law.com
                Jessa L. Victor, SB No. 1099144
                Email: jvictor@hq-law.com
                409 East Main Street
                P.O. Box 2155
                Madison, Wisconsin 53701-2155
                Telephone: 608/257-0040
                Facsimile: 608/256-0236

                *Attorneys for Plaintiff, Randall J. Connors*